## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

WRONGFUL DEATH ESTATE OF
ROSEMARY NAEGELE,

      Plaintiff,

v.                                       Civ. No. 19-1165 GBW/SMV

MUHAMMAD KHAWAJA,

      Defendant.

### ORDER DENYING PLAINTIFF'S MOTION FOR REVIEW OF CLERK'S ORDER SETTLING COSTS

THIS MATTER comes before the Court on Plaintiff's Motion for Review of Clerk's Order Settling Costs. *Doc. 52.* Having reviewed the motion and its attendant briefing (*docs. 53, 54*), and being fully advised in the premises, the Court DENIES the motion and AFFIRMS the Clerk of Court's award of costs in the amount of $2,862.32 taxed against Plaintiff and in favor of Defendant.

## I.    BACKGROUND

On December 4, 2020, the Court granted Defendant summary judgment on his statute of limitations defense to Plaintiff's medical malpractice claim, *doc. 40*, and entered a final judgment dismissing Plaintiff's Complaint with prejudice, *doc. 41.* On December 31, 2020, Defendant appealed this judgment to the Tenth Circuit. *Doc. 42.* Defendant's appeal is still pending.

On February 25, 2021, the Clerk of Court taxed Plaintiff with Defendant's costs in the amount of $2,862.32, including $ 413.00 for "fees of clerk" and $2,449.32 for costs incurred by Defendant to depose C. Herrera-Murillo, H. Naegele, M. Valverde, and N. Hernandez ("Plaintiff's beneficiaries"). *Doc. 51*. On March 3, 2021, Plaintiff moved the Court to deny this cost award based on its indigency and the lack of necessity for the four depositions. *Doc. 52*. On March 9, 2021, Defendant responded and requested that the Court order Plaintiff to reimburse him for his attorney fees in responding to the motion. *Doc. 53*. On March 23, 2021, Plaintiff filed a reply, *doc. 54*, completing briefing on its motion, *doc. 55*.

## II.    JURISDICTION

The Court has jurisdiction over Plaintiff's motion. While Plaintiff has appealed the Court's final judgment, its appeal only divests the Court of jurisdiction over the issues therein. *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998). This divestment does not extend to collateral matters, such as a motion for costs. *Id.*; *Dataq, Inc. v. Tokheim Corp.*, 736 F.2d 601, 606 (10th Cir. 1984).

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) creates a presumption that "[u]nless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing

party." Fed. R. Civ. P. 54(d)(1); *see also Marx v. Gen. Revenue Corp.*, 668 F.3d 1174, 1182 (10th Cir. 2011). While the Court has the discretion to deny a prevailing party its costs, it must provide a valid reason for imposing such a "severe penalty" on that party. *Debord v. Mercy Health Sys. of Kan., Inc.*, 737 F.3d 642, 659 (10th Cir. 2013) (quoting *Marx*, 668 F.3d at 1182). Such reasons

> include when (1) the prevailing party is only partially successful, (2) the prevailing party was obstructive and acted in bad faith during the course of the litigation, (3) damages are only nominal, (4) the nonprevailing party is indigent, (5) costs are unreasonably high or unnecessary, or (6) the issues are close and difficult.

*Id.* at 659–60 (internal quotation marks and citation omitted).

## IV.    ANALYSIS

Plaintiff provides two reasons for not awarding Defendant the clerk's cost award of $2,862.32: (i) Defendant's depositions of Plaintiff's beneficiaries were unnecessary since he had sufficient evidence to seek summary judgment on the untimeliness of Plaintiff's negligence claim without them, *see doc. 52* at 4–7; and (ii) Plaintiff, a wrongful death estate with no assets, is indigent, *doc. 52* at 1–3. Neither reason is a valid one for requiring Defendant to bear the severe penalty of not having the opportunity to recoup the clerk's cost award.

A.  NECESSITY OF DEPOSITIONS

The depositions of Plaintiff's beneficiaries were necessary despite Defendant already possessing written evidence that Plaintiff had filed suit after the expiration of the two-year statute of limitations in the New Mexico Tort Claims Act.  The standard for necessity is one of reasonableness.  *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009).  "A deposition is reasonably necessary to the litigation when: (A) a substantial portion of the deposition is admitted into evidence or used at trial for impeachment purposes; (B) the deposition is used by the Court in ruling on a motion for summary judgment; or (C) the Court so determines."  D.N.M.LR-Civ. 54.2(b)(2).  Reasonableness under subsection (C) is determined based "solely on the particular facts and circumstances at the time the expense was incurred" rather than with "the benefit of hindsight."  *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d at 1148 (internal quotation marks and citations omitted).  It "recognizes that caution and proper advocacy may make it incumbent on counsel to prepare for all contingencies which may arise during the course of litigation."  *Id.*

The depositions of Plaintiff's beneficiaries are reasonable under subsections (B) and (C) of Local Rule 54.2(b)(2).  Citing to deposition transcripts in the factual background and legal analysis of a summary judgment ruling is sufficient to satisfy subsection (B).  *See Dullmaier v. Xanterra Parks & Resorts*, 883 F.3d 1278, 1296 (10th Cir. 2018).  The Court cited to transcripts of the depositions of Plaintiff's beneficiaries in its

4

undisputed facts about when Plaintiff discovered Defendant's purported negligence. *See doc. 40* at 2 (citing *doc. 24* at 2, 26, 29, 31, 33, 35 and *doc. 28* at 4).  While the Court did not cite to these depositions in its legal analysis, no such citation was necessary since the evidence in the record, including these transcripts, placed Plaintiff's failure to sue Defendant within two years of discovering its claims against him beyond dispute.

With respect to subsection (C), Defendant's decision to take the depositions of Plaintiff's beneficiaries was reasonable at the time even though Defendant already possessed written evidence that these beneficiaries knew of Plaintiff's negligence claim against him more than two years before Plaintiff sued.  The Tort Claims Act Notice of Claim (*doc. 54-3*) that Defendant received from Plaintiff on April 14, 2020, *see doc. 54-1*— almost four months before taking these depositions, *see doc. 24* at 27, 30, 32, 34—states that the personal representative of Rosemary Naegele's estate and her family had notice of Plaintiff's claim against Defendant on March 1, 2017, *doc. 54-3*—more than two years before Plaintiff sued Defendant on November 15, 2019, *see doc. 1* at 4.  It is entirely reasonable, however, for Defendant to have deferred seeking summary judgment on this claim's untimeliness until he had investigated and verified the circumstances surrounding the submission of this notice of claim, including that at least one of Plaintiff's beneficiaries had met with and retained the attorney who filed it.  Indeed, caution and proper advocacy may demand such investigation and verification.

### B.  PLAINTIFF'S INDIGENCY

As for Plaintiff's inability to pay, indigency alone does not compel the Court to deny Defendant its reasonable and necessary costs.  *See Bryant v. Sagamore Ins. Co.*, 618 F. App'x 423, 426 (10th Cir. 2015) (unpublished) (citing *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190–91 (10th Cir. 2004)).  The affidavit of Kristina Martinez, Plaintiff's personal representative, establishes that Plaintiff "is insolvent and has no ability to pay any cost claimed by Defendant" since it has no income, assets, or property.  *Doc. 52-1*.  It is also "hard to fathom" how Plaintiff, a wrongful death estate created by N.M. Stat. Ann. § 41-4-2, can garner assets in the future.  *Pinnock v. Bd of Cnty. Comm'rs of Grant Cnty.*, Civ. No. 14-293 JCH/WPL, 2017 WL 4271411, at *2 (D.N.M. Feb. 28, 2017) (unpublished).  But, "[w]hether … Defendant[] [is] able to collect on the cost award … is for … Defendant[] to worry about, not the Court."  *A.D. v. Deere & Co.*, 229 F.R.D. 189, 194 (D.N.M. 2004).  Given the lack of any reason to penalize Defendant by not awarding him his reasonable and necessary costs, the Court will not deprive him of an opportunity to collect them, even if it appears unlikely that he will be able to do so.

### V.    CONCLUSION

For the reasons above, Plaintiff's Motion for Review of the Clerk's Order Settling Costs is DENIED, and the Clerk's Order Settling Costs is AFFIRMED.  The Court awards Defendant the taxation of $2,862.32 in costs, due and payable by Plaintiff immediately.  This award, though, should not be construed to impose any obligation on

Plaintiff's beneficiaries or personal representative—who are not parties to this case—

that is any greater than that which the beneficiaries and personal representative of a

wrongful debt estate ordinarily owe to any other creditor of that estate (should such an

obligation even exist).  Nor should this award be construed to impose any obligation on

Plaintiff's counsel.  *See Levy v. Lexington Cnty.*, C/A No. 3:03-3093-MBS, 2012 WL

6675051, at *3 (D.S.C. Dec. 20, 2012) (unpublished) (noting the absence of authority "for

the proposition that costs may be assessed against a nonparty").

IT IS FURTHER ORDERED that Defendant's request for an award of attorney's

fees incurred in defending Plaintiff's motion is DENIED.  Not only were Plaintiff's

objections to the Clerk of Court's cost award substantially justified but Defendant also

provides no authority for awarding fees in this instance.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by consent**

7